UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62189

MICHAEL BAILEY, individually and on
behalf of all those similarly situated,

    Plaintiff,

v().                                  **COMPLAINT – CLASS ACTION**

FRANKLIN COLLECTION SERVICE, INC,

    Defendant.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff MICHAEL BAILEY ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant FRANKLIN COLLECTION SERVICE, INC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.**     **JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

2. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.    PARTIES**

4.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.    Defendant is a Mississippi corporation, with its principal place of business located in Tupelo, Mississippi.

6.    Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7.    At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

**3.    DEMAND FOR JURY TRIAL**

8.    Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.    ALLEGATIONS**

9.    The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents the amount Plaintiff allegedly owed to the original creditor, AT&T, for the provision of consumer telecommunication and/or entertainment services.

10.    Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11.    Defendant is a business entity engaged in the business of collecting consumer debts.

12.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.    Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

15. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA0900343.

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are current to within one week of the current date.

18. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

19. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

20. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

21. Defendant mailed a collection letter, dated May 13, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

22. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

23. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of the Consumer Debt.

24. The Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

25. In the Collection Letter, Defendant states: "IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961." *See* Collection Letter (emphasis original).

26. In the Collection Letter, Defendant states: "I INTEND TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER (30) THIRTY DAYS OF YOU RECEIVING THIS NOTICE." *See* Collection Letter (emphasis original).

**5.    CLASS ALLEGATIONS**

27. This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

28. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) during the twelve [12] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt (6) and said letter violates § 1692g(b) of the FDCPA.

29. The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) during the twenty-four [24] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt (6) whereby said letter violates Fla. Stat. § 559.72(9) of the FCCPA.

30. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched hundreds of identical letters to addresses in Florida which violate § 1692g(b) of the FDCPA as set forth below.

5.1    EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

31.    Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

32.    The factual and legal issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated § 1692g(b) of the FDCPA by unlawfully overshadowing the dispute rights enjoyed by the least sophisticated consumer under § 1692g(a)(3)-(5) of the FDCPA.

33.    The factual and legal issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated § 559.72(9) of the FCCPA.

34.    Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2    TYPICALITY

35.    Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3    ADEQUACY

36.    Plaintiff is an adequate representative of each of the classes.

37.    Plaintiff will fairly and adequately protect the interests of the classes.

38.    Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4     PREDOMINANCE AND SUPERIORITY

39.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692g(b)**

41.     On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-40 as though fully set forth herein.

42.     As stated above, the Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. In the Collection Letter, Defendant attempts to provide Plaintiff with, among other things, the disclosures required by § 1692g(a)(3)-(5) of the FDCPA. The Collection Letter, however, wrongfully overshadows the rights enjoyed by the least sophisticated consumer pursuant to § 1692g(a)(3)-(5) of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

43. Here, the Collection Letter informs the least sophisticated consumer that "IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL [Defendant]." *See* Collection Letter (emphasis original).

44. Notwithstanding the fact that the Collection Letter *assumes* the least sophisticated consumer is represented by an attorney (*which, if true, would result in Defendant also violating § 1692c(a)(2) of the FDCPA*), the least sophisticated consumer as no obligation to contact an attorney, let alone call Defendant, if he or she is not paying the underlying debt. For example, if the least sophisticated consumer chooses to dispute the validity of the underlying debt, whether pursuant to § 1692g(a)(3) or (4), naturally, the least sophisticated consumer will not be paying the underlying debt because he or she *disputes the debt's validity*.

45. Defendant command to the least sophisticated consumer to either call an attorney or call Defendant if the consumer is not paying the underlying debt unlawfully overshadows the dispute rights enjoyed by the least sophisticated consumer pursuant to § 1692g(a)(3) of the FDCPA. For example, Defendant's command wrongfully causes the least sophisticated consumer to believe that, even if the consumer disputes the underlying debt pursuant to § 1692g(a)(4), the consumer must take additional steps if he or she is not paying the debt.

46. Moreover, notwithstanding Defendant's above-mentioned command to the least sophisticated consumer, the Collection Letter informs the least sophisticated consumer that "[Defendant] INTEND[s] TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER (30) THIRTY DAYS OF YOU RECEIVING THIS NOTICE." *See* Collection Letter (emphasis original). By threating to report the Consumer Debt after the conclusion of the thirty (30) day dispute period afforded to the least sophisticated consumer, without exception, Defendant

wrongfully causes the least sophisticated consumer to believe that, regardless of whether the consumer exercises his or her dispute rights under § 1692g(a)(3) or (4), Defendant will be reporting the underlying debt, without exception, after the end of the thirty-day dispute period.

47. A such, by and through the Collection Letter, Defendant violated 15 U.S.C. § 1692g(b) by wrongfully overshadowing the dispute rights enjoyed by the least sophisticated consumer under § 1692g(a)(3)-(5) of the FDCPA.

48. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)

49. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-48 as though fully set forth herein.

50. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

51. The Consumer Debt is a debt governed by the FDCPA. For Defendant to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA.

52. As set forth in *Count I,* Defendant violated § 1692g(b) of the FDCPA and, as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt *via* the Collection Letter. For example, by wrongfully overshadowing the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rights enjoyed by the least sophisticated consumer under § 1692g(a)(3)-(4), Defendant knew that, by mailing the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt.

53. Accordingly, by and through the Collection Letter, Defendant attempted to collect a debt from Plaintiff, *namely* the Consumer Debt, that Defendant knew it could not legally collect from Plaintiff in violation of Fla. Stat. 559.72(9).

54. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(d) Statutory damages, as provided under Fla. Stat. §559.77(2)

(e) Costs and attorneys' fees, as provided by Fla. Stat. §559.77(2);

(f) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff or Members of the FCCPA Class that violate the FCCPA; and

(g) Such other or further relief as the Court deems proper.

DATED: August 31, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **9** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com